# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 23-30246 |
| | Chapter 11- Subchapter V |
| Bourbon Street LLC, | Jointly Administered |
| dba La Cantina, | |
|       Debtor. | |
| _____ / | |
| Petri Enterprises, LLC, | Bankruptcy No. 23-30247 |
| dba La Cantina, | Chapter 11 Subchapter V |
| dba Heros and Legends Sports Bar, | Jointly Administered |
| dba Heros and Legends, | |
|       Debtor. | |
| _____ / | |
| Gannett Peak, LLC, | Bankruptcy No. 23-30248 |
| dba La Cantina, | Chapter 11 – Subchapter V |
| | Jointly Administered |
|       Debtor. | |

## ORDER GRANTING
## MOTION FOR LEAVE TO USE CASH COLLATERAL

Bourbon Street LLC, Petri Enterprises, LLC, and Gannett Peak, LLC filed a Motion for Leave to Use Cash Collateral. Doc. 5.[1]

On August 2, 2023, the Court held a preliminary hearing on the Motion. Based on the Motion, exhibits and evidence offered during the August 2, 2023, hearing, the Court found that Debtors' use of a limited sum of cash collateral during the interim period was necessary to avoid immediate and irreparable harm. Accordingly, for the reasons stated on the record, it granted interim relief from July 31, 2023, to August 15, 2023.

---

[1] Unless otherwise indicated, all docket numbers refer to the docket in the lead case, In Re: Bourbon Street LLC, Bankruptcy No. 23-30246.

1

The Court held a second interim hearing on August 15, 2023. Based on the Motion, exhibits and evidence offered during the August 2, 2023, hearing, the Court found that Debtors' use of a limited sum of cash collateral during the second interim period was necessary to avoid immediate and irreparable harm. Accordingly, for the reasons stated on the record, it granted interim relief from August 16, 2023, to August 18, 2023.

On August 28, 2023, the Court held a final hearing on the motion. Based on the motion, exhibits and evidence offered during the hearings, the Court finds that Debtors' use of cash collateral is necessary to maintain Debtors' operations during the pendency of these jointly administered Chapter 11 Subchapter V cases.  Accordingly, for the reasons stated on the record during the three hearings,

**IT IS ORDERED:**

1. The Motion is GRANTED.

2. Consistent with the weekly budget provided in Doc. 5-1 (except the allocation of rent which Petri Enterprises may not currently be obligated to pay), Petri Enterprises is authorized to use cash collateral (with no more than a 10% variance in this sum).

3. Consistent with the weekly budget provided in Doc 5-2, Bourbon Street is authorized to use cash collateral (with no more than a 10% variance in this sum).

4. Consistent with the weekly budget provided in Doc 5-3 (except the allocation of rent which Gannett Peak may not currently be obligated to pay), Gannett Peak is authorized to use cash collateral (with no more than a 10% variance in this sum).

5. As adequate protection for Petri Enterprises' use of cash collateral, creditors with a secured interest in this cash collateral are granted rolling replacement liens on cash generated by Petri Enterprises during its Chapter 11 case.  In other words, to the extent Petri Enterprises uses prepetition cash collateral in which one or more creditor holds a security interest, Petri Enterprises is authorized

to grant these creditors replacement liens, pursuant to 11 U.S.C. § 552, in Petri Enterprises' post-petition cash and inventory of the same priority, dignity, and effect as the prepetition liens on the prepetition property of Petri Enterprises; provided, however, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries from them. The liens and security interests granted are effective and perfected without any further act by any party.

6.  As adequate protection for Bourbon Street's use of cash collateral, creditors with a secured interest in this cash collateral are granted rolling replacement liens on cash generated by Bourbon Street during its Chapter 11 case. In other words, to the extent Bourbon Street uses prepetition cash collateral in which one or more creditor holds a security interest, Bourbon Street is authorized to grant these creditors replacement liens, pursuant to 11 U.S.C. § 552, in Bourbon Street's post-petition cash and inventory of the same priority, dignity, and effect as the prepetition liens on the prepetition property of Bourbon Street; provided, however, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries from them. The liens and security interests granted shall be effective and perfected without any further act by any party.

7.  As additional adequate protection for Bourbon Street's use of cash collateral, Bourbon Street shall pay Choice Financial Group the sum of $3,350.00 per month, to be applied to Bourbon Street's debt, without prejudice to Bourbon Street's right to propose a differentiated payment regime in a plan of reorganization.

8.  As adequate protection for Gannett Peak's use of cash collateral, creditors with a secured interest in this cash collateral are granted rolling replacement liens on cash generated by Gannett Peak during its Chapter 11 case. In other words, to the extent Gannett Peak uses prepetition cash collateral in which one or more creditor holds a security interest, Gannett Peak is authorized to grant these creditors replacement liens, pursuant to 11 U.S.C. § 552, in Gannett Peak's post-petition

cash and inventory of the same priority, dignity, and effect as the prepetition liens on the prepetition property of Gannett Peak; provided, however, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries from them. The liens and security interests granted shall be effective and perfected without any further act by any party.

9. Debtors and the creditors who appeared at the cash collateral hearings stipulated that all creditors listed in the Debtors' respective Bankruptcy Petitions, Schedules, and Statements of Financial Affairs reserve all of their rights and remedies under the Bankruptcy Code. They also agreed that Debtors reserve the right to dispute the allegedly secured nature and allowability of those claims.

10. The parties agree that respective Debtor(s) will immediately cease using Cash Collateral upon the occurrence of one of the following default events:

    a. If the respective Debtor(s) breach any term or condition of this Order;

    b. If the relevant case is converted to a case under Chapter 7 of the Bankruptcy Code; and/or

    c. If respective Debtor(s) is removed from possession and a Trustee, including but not limited to the Subchapter V Trustee, is appointed to take over Debtor(s)' business/operations.

In the event of a default, the parties may file a motion seeking relief.

11. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Order.

Dated: August 29, 2023.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT