IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: ) | Case No. 23-30247 |
| ) | (Chapter 7) |
| PETRI ENTERPRISES, LLC ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| In re: ) | Case No. 23-30248 |
| ) | (Chapter 7) |
| GANNETT PEAK, LLC ) | |
| ) | |
| Debtor. ) | |
| _____) | |

**CONDITIONAL OPPOSITION TO MOTIONS FOR TURNOVER**

Come now Gannett Peak LLC ("GP") and Petri Enterprises, LLC ("PE") (collectively, the "Debtors," and each a "Debtor"), to the extent (if any) that the Debtors continue to have capacity to appear herein independent of the Chapter 7 trustee (the "Trustee"), and in conditional opposition to the motion for turnover directed to GP (the "GP Motion," as found at DE #70 in Case No. 23-30248) and PE (the "PE Motion," as found at DE #72 in Case No. 23-30247) state as follows:

**I.    Introduction**

These are two converted Chapter 11 cases where the Trustee is seeking the turnover of bank statements and tax returns from the Debtors. The Trustee's requests are perfectly reasonable, wholly in line with what a Chapter 7 trustee normally would – and, indeed, should – seek, and do not invite any substantive objection except to the extent they seek the production of documents outside the possession, custody and control of the Debtors. All but one of the requested documents were produced, via e-mail, of even date herewith, and said production should effectively moot the GP Motion and moot all but one aspect of the PE Motion.

1

The motions do, however, invite certain procedural issues that are raised herein. These procedural issues are not the byproduct of an overreaching trustee or even a zealous trustee; they are issues found in the crevices of Title 11 of the United States Code (the "Bankruptcy Code") and case law. And while the issues are not necessarily unique to this case, they are sufficiently rare as to merit notation and discussion – especially insofar as the PE Motion does not appear to be entirely moot in nature.

### II.     The Standing of the Debtors – and Propriety of the Motions – are Unclear

There is nothing extraordinary about a Chapter 7 trustee seeking a turnover of documents – or assets – from a Chapter 7 debtor that is a natural person. Individuals continue in their existence post-petition, retaining assets exempted from the bankruptcy estate they have created and obtaining new assets along the way. But corporate debtors are an innately more puzzling species, being consigned, *en toto*, to the trustee appointed to their case and evincing no independent existence unless and until their Chapter 7 estate is fully administered (whether by way of distribution, abandonment, or both). The Debtors in these cases are both corporate entities.

The Bankruptcy Code is clear that "[t]he trustee in a case under this title is the representative of the estate." 11 U.S.C. § 323. *See also*, *Morrison v. U.S. Trustees*, 2010 WL 2653394, at *3 (E.D.N.Y. 2010) ("Once the trustee is appointed, the trustee becomes the estate's sole representative.") (citing 11 U.S.C. § 323(a)). The Debtors' estates, in turn, is comprised of all of their assets. 11 U.S.C. § 541.[1]

Thusly, on a plain reading of the Bankruptcy Code, it appears (i) all of the Debtors' rights, titles and interests are subsumed in their respective estates; and (ii) the Trustee is the sole

---

[1] There are exceptions to this sweeping statement, ranging from funds paid to a qualified tuition program, 11 U.S.C. § 541(b)(6), to certain "liquid or gaseous hydrocarbons," 11 U.S.C. § 541(b)(4). It does not appear any such exceptions are applicable *sub judice*.

2

representative of those estates. Yet case law suggests this notion to be more nuanced, whether in the form of acknowledging that a solvent corporate Chapter 7 debtor has standing to object to a sale motion, *In re Las Cruces Country Club, Inc.*, 585 B.R. 239, 246 (Bankr. D.N.M. 2018), or speaking to the broader rights of a corporate Chapter 7 debtor with an estate likely to yield a surplus, *In re F.A. Dellastatious, Inc.*, 121 B.R. 487, 490 (Bankr. E.D. Va. 1990).

The aforementioned authorities speak to the issues attendant to a corporate Chapter 7 case where there is a likelihood (if not near-certainty) the debtor will have some post-bankruptcy existence. Where such is not probable, however, the general rule is that debtors are not likely to suffer a redressable injury by way of any actions taken by a trustee and, as such, debtors lack Article III standing to participate in some (if not most) aspects of their case. *Dellastatious*, 121 B.R. at 490 (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962); *Warth v. Seldin*, 422 U.S. 490, 498 (1975); 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3531 (1984); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Director, Office of Workers' Comp. Programs v. Perini North River Assocs.*, 459 U.S. 297, 305 (1983)). *But see Kiviti v. Bhatt*, 80 F.4th 520, 532 (4th Cir. 2023) (holding Article III constraints do not apply to bankruptcy courts) *pet. for cert. pending*, No. 23-729 (U.S. Jan. 2, 2024).

All of which matters because if a corporate Chapter 7 debtor has no existence independent of its trustee, unless a surplus is likely to ensure (which is certainly not so instantly), then it is unclear whether a Chapter 7 can direct a turnover motion to a corporate Chapter 7 debtor. Such an effort is, to a strange degree, circuitous, as the Trustee is directing a motion toward the entity he helms.

Complicating matters further, the "simple" solution would be to direct a turnover motion toward a corporate debtor's equity interests or prior management – since such persons do, no doubt, have an existence independent of the Chapter 7 estate. But the rules of this court do not permit turnover motions to be directed to anyone other than a debtor, requiring, instead, that an adversary proceeding be commenced if turnover is sought from any third party. Fed. R. Bankr. P. 7001(1).

The Debtors in these cases – to the extent they have any existence independent of the Trustee – do not wish to be obstructionist, difficult, uncooperative, or otherwise difficult in nature. These are small businesses formerly helmed by a man who is very much trying to turn a proverbial page and move on with his life, post-conversion. But these issues are nonetheless raised because they speak to the innate awkwardness of a Chapter 7 trustee, overseeing an insolvent corporate estate, seeking a turnover of assets from the entity whose assets already comprise that estate.

### III.     It Does Not Appear the Debtors Have Counsel

Muddying matters even further, the Supreme Court has made clear that a Chapter 11 corporate debtor, once divested of possession, no longer enjoys the services of formerly-employed counsel. Yet corporate entities are required to act through counsel in most circumstances, with none of the peculiar exceptions to that rule being instantly applicable. And there us thusly a cloud of uncertainty around the Debtors' literal ability to respond to the two pending motions, punctuated by the reality that undersigned counsel may be altogether without authority to represent the entities.

When a debtor ceases to be a debtor-in-possession, such "terminate[s] [the debtor's] status as debtor-in-possession and so terminate[s] [counsel's] service under § 327 as an attorney for the debtor-in-possession." *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004).

The *Lamie* holding has been echoed by other courts, with one observing – in the context

4

of a Chapter 11 trustee's appointment – that "[t]he triggering event that prevented the petitioner's recovery in *Lamie* was not conversion to a Chapter 7 proceeding—rather, it was the appointment of a trustee that 'terminated [the debtor's] status as debtor-in-possession and so terminated petitioner's service under § 327 as an attorney for the debtor-in-possession.'" *Morrison*, 2010 WL 2653394, at *5 (quoting *Lamie*, 540 U.S. at 532).

Even before *Lamie*, this concept was addressed in the prism of attorneys endeavoring to continue their respective representations after the appointment of a trustee:

> The intent of the Bankruptcy Code seems crystal clear that just as a trustee replaces the debtor-in-possession for the purpose of administering the estate and operating its business, so it is that the trustee's attorney displaces the debtor's attorney in order that the trustee will have counsel and assistance in performing his fiduciary duties. There is no need for the debtor to have assistance performing those duties which are fully assumed by the trustee, and hence any "debtor's attorneys" can serve no beneficial purpose for the estate unless they are characterized as attorneys for the trustee.

*In re NRG Res., Inc.*, 64 B.R. 643, 647 (W.D. La. 1986).

Per the rules of this Honorable Court, non-individuals cannot appear without counsel. D.N.D. Bankr. L.R. 9010-2. *See also Stanko v. Bosselman*, 749 F. App'x 493, 494 (8th Cir. 2019) (per curiam) ("[A] corporation may not appear pro se.").

Accordingly, if the Debtors were *ipso facto* divested of counsel upon the conversion of their cases, and cannot appear without counsel, two problems necessarily ensue: (i) the Debtors are seemingly without the literal ability to respond to the two motions filed by the Trustee, despite such motions being directed to the Debtors; and (ii) this responsive filing is a nullity. All of which would support the notion that a turnover motion, directed to an insolvent Chapter 7 debtor, must instead be directed to the non-debtor persons (natural or legal) who possess the debtor's assets for which a turnover is sought.

5

### IV. The GP Motion Should be Denied as Moot

Fortunately, insofar as GP is concerned, the foregoing five pages of ruminations are of no moment. Of even date herewith, undersigned counsel has sent the Trustee all of the documents being sought in the GP Motion.

### V. The PE Motion Should be Largely – but not Entirely – Denied as Moot

The PE Motion is also largely moot. The Trustee has also now been sent all but one of the sought documents, thereby resolving the majority of the issues therein. The one outlying document is the first page of PE's 2021 tax return. For reasons that are largely inexplicable, this document (or, as it is, page of a document – albeit a rather important page at that) has proven elusive throughout the duration of PE's bankruptcy, going back to pre-filing preparations. The digital copy shared with undersigned counsel by the Debtor's principal is without a first page, and no copy of that first page has been located at any time since.

To the extent this Honorable Court is inclined to enter an order directing PE to turn over the first page of the 2021 tax return, it is respectfully urged that such order should be limited to only compel turnover to the extent the first page of the tax return is in the "possession, custody, or control," 11 U.S.C. § 542(a), of PE. The Bankruptcy Code does not require a debtor to go on a scavenger hunt for documents no longer within the grasp of said debtor, and an order should be accordingly circumscribed.

### VI. Conclusion

WHEREFORE, to the extent PE and GP have capacity to oppose the motions, and to the extent undersigned counsel is permitted to represent GP and PE in such capacity, it is respectfully urged (i) the GP Motion be denied as moot; (ii) the PE Motion be denied without prejudice to the

6

Trustee's right to seek turnover from a party other than the Debtor itself; and (iii) this Honorable Court afford such other and further relief as may be just and proper.

                        Respectfully submitted,

Dated: April 26, 2024        By:    /s/ Maurice B. VerStandig
                                                  Maurice B. VerStandig, Esq.
                                                  The Dakota Bankruptcy Firm
                                                  1630 1st Avenue N
                                                  Suite B PMB 24
                                                  Fargo, North Dakota 58102-4246
                                                  Phone: (701) 394-3215
                                                  mac@dakotabankruptcy.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 26th day of April, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                  /s/ Maurice B. VerStandig
                                                  Maurice B. VerStandig